**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **MONICA LINDEN,** <br> **on behalf of herself and all others similarly situated,** <br>               **Plaintiff** <br> **v.** <br><br> **HCL COLLECTIONS SOLUTIONS,** <br> **LLC. d/b/a Account Recovery Services** <br><br>               **Defendant** | ) <br> ) <br> ) <br> ) <br> ) <br> ) **Civil Action No.** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT AND JURY CLAIM

### Introductory Statement

Plaintiff and putative class members are Massachusetts residents whose rights have been violated by Defendant's unlawful consumer debt collection activities. Defendant's collection activities were unlawful because at all relevant times Defendant was not licensed as a debt collector by the Division of Banks, as required by Massachusetts law.

### Parties

1. Plaintiff Monica Linden is an individual who at times relevant to this complaint has resided in Franklin, Norfolk County, Massachusetts.

2. Defendant HCL Collections Solutions, LLC, is a Rhode Island limited liability company which conducts business in the Commonwealth of Massachusetts and has a principal place of business in East Greenwich, Rhode Island.

1

## Jurisdiction and Venue

3.  Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate plaintiff's claims arising under state law.

4.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### Facts relating to Defendant's activities as a debt collector in Massachusetts

5.  Massachusetts law provides that "[n]o person shall directly or indirectly engage in the commonwealth n the business of a debt collector . . . without first obtaining from the [banking] commissioner a license to carry on the business . . . "

6.  Under the Massachusetts Debt Collection Law ("DCL"), a "debt collector" is defined first as "any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of a debt."  G.L c. 93, §24.  Under the DCL, a "debt collector" is also defined as a person "who regularly collects or attempts to collect, directly or indirectly, a debt owed or due or asserted to be owed or due another."  G.L c. 93, §24.

7.  Under the DCL, the term "debt" is defined as a monetary obligation incurred primarily for personal, family, or household purposes., otherwise known as a "consumer debt." G.L. c.  93, §24; 209 CMR 18.02.

8.  During times relevant to this complaint, Defendant used the mails, telephone lines, the electrical grid, wireless communication systems, and other instrumentalities of interstate commerce to enter into contractual arrangements with creditors and to collect and attempt to collect consumer debts from Massachusetts residents.  In addition, payments made by

consumers as a result of Defendant's debt collection activities constituted its principal (if not only) source of income. Thus, Defendant is a debt collector under the DCL's first definition and was required to be licensed.

9. During times relevant to this complaint, Defendant regularly collected and attempted to collect, regularly or indirectly, consumer debts from against Massachusetts residents, including but not necessarily limited to sending dunning letters, sending invoices, placing telephone calls, and receiving payments. On information and belief, Defendant engaged in hundreds of such activities during the class period. Therefore, Defendant is a debt collector under the DCL's second definition and was required to be licensed.

10. The licensing requirement of the DCL provides important protections for Massachusetts consumers. Before it may operate as a "debt collector," an applicant and its officers and directors must demonstrate to the Commissioner's satisfaction that their "financial responsibility, character, reputation, integrity and general fitness . . . are such as to command the confidence of the public and to warrant the belief that the business . . . will be operated lawfully, honestly and fairly." G.L. c. 93, §24B(a). Thus, for example, the Commissioner may deny a license if the applicant does not have a positive net worth; has violated any state or federal law governing debt collection practices; has defaulted on a debt; has committed any dishonest or deceptive act bearing on the applicant's fitness to function as a debt collector; or has an adverse credit history. 209 CMR 18.04(2)(a); 209 CMR 18.042)(a)– (f). Debt collection licenses are issued for one-year terms (G.L. c. 93, §24B(b)), and upon request a licensee must disclose such books and records as to enable the Commissioner to determine whether it is complying with the requirements of chapter 93 and all laws and regulations covering debt collection practices in Massachusetts. G.L. c. 93,

§24D.

11.   The failure to comply with the Massachusetts licensing statute constitutes a *per se* violation of G.L. c. 93A, §2.   Such failure also constitutes a criminal offense.  G.L. c. 93, §28.

12.   At no time relevant to this complaint was Defendant licensed as a debt collector in Massachusetts.

13.   A large number of Massachusetts residents against whom Defendant took or threatened collection action paid money toward satisfying debts, and in all or most of these instances Defendant earned a fee as a result.   In addition, some of these persons paid money to attorneys for legal representation in defending against Defendant's actions.

14.   At present, Defendant remains unlicensed in Massachusetts yet continues to collect and attempt to collect consumer debts in the Commonwealth, causing class members financial loss and other harm.  Massachusetts consumers have been injured and will continue to be injured by Defendant's unlawful conduct unless this Court issues appropriate relief.

## Facts Relating to Plaintiff

15.  Defendant sent Plaintiff a letter dated December 29, 2016, seeking payment of a consumer debt owed to Rhode Island Hospital for medical services provided to Plaintiff's son, which letter Plaintiff received.

16.  On December 29, 2016, Defendant was required to be licensed as a debt collector in Massachusetts, but was not.

17.  Plaintiff investigated the debt which was the subject of Defendant's letter and determined that it was covered by insurance.   The debt was paid by Plaintiff's insurance company.

18.  On information and belief, as a result of payment of the bill for which Plaintiff was

dunned, Defendant received a fee from the creditor.

## Class action allegations

19. Plaintiff brings this complaint on behalf of herself and a class of other persons similarly situated. The class consists of all Massachusetts residents against whom, within four (4) years of the filing of this action, Defendant took any action to collect or attempt to collect a consumer debt, including but not limited to the activities set forth in paragraph 9, above. Excluded from the class are all past and present employees, agents, officers, and directors of Defendant, and persons who have released Defendant from liability. On information and belief, there are at least one hundred class members, making joinder impracticable.

20. There are questions of law and fact common to the class, which common issues predominate over any issues peculiar to individual class members. The principal common issues are whether Defendant was a debt collector under Massachusetts law, whether Defendant was required to be licensed as a debt collector in Massachusetts, whether Defendant was licensed as a debt collector in Massachusetts, whether Defendant was engaged in trade or commerce in Massachusetts, and whether Defendant's conduct violated the rights of class members as set forth herein. The only individual questions involve the amounts of actual damages and other relief to which class members are entitled.

21. Plaintiff's claims are typical of the claims of class members. All claims are based on the same legal theories, and all arise from the same course of conduct.

22. Plaintiff will fairly and adequately protect the interests of all class members. Plaintiff is committed to a vigorous and successful prosecution of this action, is familiar with the legal and factual issues involved, and has retained counsel experienced in the litigation of consumer rights

cases, including consumer class actions. Neither Plaintiff nor counsel have any interest or conflict that might cause them to not vigorously pursue this action.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since: (a) the financial losses suffered by a substantial number of class members are such that it would be economically unfeasible for them to individually litigate their claims; (b) the factual and legal issues common to all class members far outweigh any individual questions; (c) the prosecution of separate lawsuits by individual class members would entail the risk of inconsistent and conflicting adjudications; and (d) there will be no unusual or extraordinary management difficulties in administering this case as a class action.

## COUNT I: Violations of the Fair Debt Collection Practices Act

24. The allegations of paragraphs 1 – 23 are incorporated herein as if fully set forth.

25. At all relevant times Defendant was a "debt collector" within the meaning of §1692a. of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

26. Through its debt collection activities in Massachusetts, including but not limited to those set forth in paragraph 9, above, Defendant took and threatened to take actions that could not legally be taken.

27. Defendant's conduct violated 15 U.S.C. §1692e(5).

28. Plaintiff was harmed by being subjected to collection activity that could not legally be taken. Class members were harmed by being subjected to, or threatened with, collection activity that could not legally be taken and, in some cases, by paying money which could not lawfully be collected and/or paying money for legal representation.

WHEREFORE, Plaintiff prays for judgment against Defendant:

    (a) Awarding actual damages;

    (b) Awarding statutory damages;

    (c) Awarding interest, costs, and reasonable attorney's fees;

    (d) Awarding such further relief as shall be just and proper.

### COUNT II: Violations of G.L. c. 93A

29. The allegations of paragraphs 1 – 23 are incorporated herein by reference as if fully set forth.

30. At all relevant times, Defendant was engaged in trade or commerce in Massachusetts within the meaning of G.L. c. 93A, §1.

31. Defendants committed unfair and deceptive acts and practices in violation of G. L. c. 93A, §2. Defendant's unfair and deceptive activities consisted of collecting and attempting to collect consumer debts while unlicensed in violation of G. L. c. 93, §§24-28, and taking and threatening to take actions that cannot legally be taken in violation of 15 U.S.C. §1692e(5) and 209 C.M.R. 18.16(5).

32. Defendant's unlawful conduct was knowing and/or willful within the meaning of G.L. c. 93A, §9.

33. Plaintiff was harmed by being subjected to unlawful collection activity. Class members were harmed by being subjected to unlawful collection activities, and in some cases by paying money which could not lawfully be collected and/or by paying money for legal representation.

34. On May 8, 2017, Plaintiff sent Defendant via certified mail, return receipt requested, a demand for relief pursuant to G.L. c. 93A, §9, which demand reasonably described the unlawful acts and practices complained of and injuries suffered. Thirty

(30) days have elapsed since Defendant's receipt of Plaintiff's demand, and Defendant has not made a reasonable written tender of settlement in response to the demand.

35. Defendant's refusal to make a timely, reasonable, and written tender of settlement was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A, §2.

    WHEREFORE, Plaintiff prays for judgment against Defendant:

        (a) Awarding actual damages or $25.00, whichever is greater, to each class member;

        (b) Doubling or trebling the amounts of actual damages;

        (c) Enjoining Defendant from collecting or attempting to collect consumer debts in Massachusetts without a debt collection license;

        (d) Awarding interest, costs, and reasonable attorney's fees;

        (e) Ordering such further relief as shall be just and proper.

### COUNT III: Unjust Enrichment

36. The allegations of paragraphs 1 – 23 are incorporated herein as if fully set forth.

37. Defendant earned fees as a result of its collection activities against Plaintiff and class members.

38. Defendant has been unjustly enriched by obtaining fees as a result of its unlawful debt collection activities in Massachusetts, including but not limited to those described in paragraph 9, above.

    WHEREFORE, Plaintiff prays for judgment against Defendant:

    (a) Ordering disgorgement of all fees obtained due to collection activities taken against Plaintiff and class members;

    (a) Awarding interest, costs, and reasonable attorney's fees;

(b) Ordering such further relief as shall be just and proper.

        MONICA LINDEN, by her attorney:

        */s/ Kenneth D. Quat*
        BBO#408640
        QUAT LAW OFFICES
        929 Worcester Rd.
        Framingham MA 01701
        508-872-1261
        ken@quatlaw.com